Filed 3/16/15  P. v. Ward CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TOMMY LEWIS WARD,<br><br>Defendant and Appellant. | F067729<br><br>(Super. Ct. No. F00644245-3)<br><br>**OPINION** |

THE COURT\*

APPEAL from an order of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Michael Satris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Ivan P. Marrs and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Cornell, Acting P.J., Poochigian, J. and Peña, J.

On March 31, 2000, defendant Tommie Lewis Ward was convicted of being a felon in possession of a firearm (Pen. Code, former § 12021, subd. (a)(1)[1] (hereafter former § 12021(a)(1)), reenacted as § 29800, subd. (a)).  The trial court sentenced him to 25 years to life pursuant to the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On November 6, 2012, the electorate passed Proposition 36, amending the Three Strikes law to permit the recall of some sentences imposed under the Three Strikes law pursuant to the newly added section 1170.126.  On June 3, 2013, defendant filed a petition to recall his sentence pursuant to section 1170.126.  On June 21, 2013, the trial court found defendant statutorily ineligible for resentencing due to his conviction under former section 12021(a)(1).  Thus, the court denied the petition.  On appeal, defendant contends the trial court erred in denying his petition to recall the sentence.[2]  We affirm the trial court's order.

## FACTS

On June 21, 2013, the court ruled on defendant's petition to recall the sentence pursuant to section 1170.126 as follows:

> "This court therefore concludes that those individuals, such as defendant, who were convicted of offenses involving the *possession* of firearms or deadly weapons are not eligible for resentencing.  Defendant Ward's current offense (third strike) was for a violation of … Section 12021, subdivision (a) (1), commonly referred to as felon in possession of a firearm.  Given that conviction, which establishes that the defendant was convicted of an offense involving the possession of a firearm, this court concludes he is statutorily ineligible for resentencing.  (… § 1170.126, su[b]d. (f).)"

---

[1]     All statutory references are to the Penal Code.

[2]     We agree the claim is appealable. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598-601.)

## DISCUSSION

Defendant contends the trial court improperly concluded he was ineligible based on his conviction for being a felon in possession of a firearm. He argues that our review is limited to determining that issue and to remanding the case for reconsideration by the trial court. The People, on the other hand, assert that we can uphold the trial court's ruling because our nonpublished opinion on the direct appeal in this case supports a finding that defendant was armed when he possessed the firearms. Defendant replies that our opinion is outside the record, was never before the trial court, cannot be considered by us now, and is nevertheless irrelevant. We agree with the People's position.

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

In addition to reforming Three Strikes sentencing for defendants convicted after the effective date of the Act, the Act also added section 1170.126 to provide for retroactive reform of existing Three Strikes sentences imposed before the effective date of the Act. Section 1170.126 "provides a means whereby, under three specified eligibility criteria and subject to certain disqualifying exceptions or exclusions, a prisoner currently serving a sentence of 25 years to life under the pre-Proposition 36 version of the Three Strikes law for a third felony conviction that was not a serious or violent felony may be eligible for resentencing as if he or she only had one prior serious or violent

3.

felony conviction." (*People v. White* (2014) 223 Cal.App.4th 512, 517 (*White*).) However, a defendant is not eligible for resentencing under the Act if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Thus, as we recently held and as defendant correctly contends, a current conviction for being a felon in possession of a firearm does not automatically disqualify a defendant for resentencing under the Act. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1051-1057 (*Blakely*).) Rather, as relevant here, eligibility for resentencing turns on whether the record of conviction establishes that the defendant used a firearm or was armed with a firearm during the commission of the current offenses. (*Id.* at p. 1052.) "'[A]rmed with a firearm,' as that phrase is used in the Act, [means] having a firearm available for offensive or defensive use" during the commission of the current offense. (*Ibid.*; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029-1030 (*Osuna*); *White, supra,* 223 Cal.App.4th at pp. 522-526; see *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1015-1016 (*Cervantes*); see also *People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 989-990 (*Martinez*).)[3] "''[A] firearm that is available for

---

**3** In construing the intent of the voters in enacting the Act, we concluded that the electorate had no intention of extending the resentencing benefit to defendants who used or were armed with a firearm during the commission of their current offense. (*Blakely, supra*, 225 Cal.App.4th at pp. 1053-1057; see *Osuna, supra,* 225 Cal.App.4th at pp. 1034-1038; *Cervantes, supra,* 225 Cal.App.4th at pp. 1014-1018; *Martinez, supra,* 225 Cal.App.4th at pp. 990-995.) We stated: "It is clear the electorate's intent was not to throw open the prison doors for *all* third strike offenders whose current convictions were not for serious or violent felonies, but only to those who were perceived as nondangerous or posing little or no risk to the public. A felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public." (*Blakely, supra*, at p. 1057; *Osuna, supra*, at p. 1038 [same]; see *Cervantes, supra*, at p. 1018 ["We do not view the electorate as deeming someone with a firearm available for use, either

4.

use as a weapon creates the very real danger it will be used." [Citation.] Therefore, "[i]t is the availability—the ready access—of the weapon that constitutes arming." [Citation.]' [Citation.] The defendant is considered armed even if the weapon is inoperable [citation] or … unloaded [citation]." (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 799 (*Brimmer*).) "[U]se of a firearm connotes something more than a bare potential for use[;] there need not be conduct which actually produces harm but only conduct which produces a fear of harm or force by means or display of a firearm …." (*People v. Bland* (1995) 10 Cal.4th 991, 997.)

Here, then, we consider whether defendant used a firearm or was armed with a firearm during the commission of his current offense. To that end, we turn to an examination of the record of conviction. Although the trial court did not consider the facts surrounding defendant's offenses, but based its ruling on the offense itself, we "review the correctness of the trial court's ruling, not the reasons underlying it" (*People v. Koontz* (2002) 27 Cal.4th 1041, 1075-1076, fn. 4; see *Punsly v. Ho* (2003) 105 Cal.App.4th 102, 113 ["A judgment or order correct in theory will be affirmed, even where the trial court's given reasoning is erroneous."], disapproved on another point by *In Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1222).

"[A] trial court may rely on the record of conviction, including this court's prior opinion in defendant's appeal from his original judgment and trial transcripts, as evidence to determine eligibility under the Act. ([*People v.*] *Trujillo* [(2006)] 40 Cal.4th [165,] 180-181; [*People v.*] *Woodell* [(1998)] 17 Cal.4th [448,] 457.)" (*Brimmer, supra,* 230 Cal.App.4th at pp. 800-801; *White, supra,* 223 Cal.App.4th at p. 525 [reliance on record of conviction including information, pretrial motion, and closing argument]; *Blakely, supra*, 225 Cal.App.4th at p. 1063 [a trial court may examine relevant, reliable,

---

offensively or defensively, in the commission of a felony to be nondangerous or to pose little risk to the public"].)

admissible portions of the record of conviction to determine disqualifying factors];
*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336-1338 [reliance on record of
conviction but may not consider new evidence outside of the record of conviction].)  The
Supreme Court "allow[s] recourse to the record of conviction, but no further, to promote
the efficient administration of justice and to preclude the relitigation of the circumstances
of the crime.  [Citation.]  Including the appellate opinion as part of the record of
conviction promotes efficiency and does not relitigate stale factual questions." (*People v.
Woodell, supra,* 17 Cal.4th at p. 456.)  Likewise, "the appellate opinion itself,
representing the action of a court, clearly comes within the exception to the hearsay rule
for official records.  [Citations.]" (*Id.* at p. 458; see Evid. Code, § 1280.)

Our prior opinion on the direct appeal of this case, of which we take judicial
notice, provides the following facts:  On May 26, 1999, defendant shot and wounded his
two neighbors with a semi-automatic shotgun, then shot and wounded his father with a
.22-caliber rifle.  He also shot and killed his dog.  Defendant told officers during a
recorded statement that he knew he was not supposed to possess firearms because of his
prior convictions.  (*People v. Ward* (October 29, 2002, F036813) [nonpub. opn.] at p. 5.)

Accordingly, the record of conviction establishes that defendant carried two
loaded firearms that were available for offensive or defensive use (and were in fact used).
Thus, he was armed with a firearm.  Consequently, he is ineligible for resentencing, and
the trial court did not err in so ruling.**4**

---

**4**     Defendant also argues that he was never found to be armed with or to have used a
firearm during his commission of that crime and that an anchoring or tethering offense is
required to find that he used a firearm.  He argues that no California case other than
*White, supra,* 223 Cal.App.4th 512, which he says was wrongly decided, has linked the
concept of using or being armed with a firearm to the crime of being a felon in possession
of a firearm.  He contends the prosecution was required to plead and prove his firearm
use or arming, and *White* incorrectly decided disqualifying factors need not be pled and
proved.  *White*, however, has since been denied review by the Supreme Court (April 30,
2014, S217030), and we have since published several opinions contrary to defendant's
position.

## DISPOSITION

We take judicial notice of our nonpublished case, *People v. Ward* (October 29, 2002, F036813).

The trial court's order denying the petition is affirmed.

---

Thus, since briefing in this case, these issues have been resolved against defendant. For example, in both *Blakely* and *Osuna*, we concluded that disqualifying factors need not be pled or proven to a trier of fact beyond a reasonable doubt. In both cases, we explained that the language of section 1170.126 does not impose a plead-and-prove requirement "in connection with the procedure for determining whether an inmate already sentenced as a third strike offender is eligible for resentencing as a second strike offender. [Citation.]" (*Blakely, supra*, 225 Cal.App.4th at p. 1058, italics omitted; *Osuna, supra*, 225 Cal.App.4th at p. 1033.) In *Osuna*, we concluded that being armed with a firearm during the commission of the current offense for the purposes of the Act does not require that the possession be "'tethered'" to or have some "'facilitative nexus'" to an underlying felony. (*Osuna, supra*, at pp. 1030-1032.)

7.